```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

United States of America,         :

      Plaintiff,              :

  v.                              :         Case No. 2:11-mj-28

Krystopher Legg,                  :         Magistrate Judge Kemp

      Defendant.              :

## ORDER

      The defendant, Krystopher Legg, accompanied by counsel, appeared for a detention hearing on January 14, 2011.  After the hearing, the Court took the matter of detention under advisement.  The Court has now decided that the defendant should be detained pending further proceedings, and this order explains why.

    On January 12, 2011, a grand jury sitting in the Middle District of Florida returned an indictment charging Mr. Legg with one count of conspiring to possess and distribute oxycodone, a controlled substance, and one count of aiding and abetting the distribution of oxycodone resulting in the death of another person.  This indictment carries with it a presumption that the defendant should be detained without bond, explained as follows.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to

> believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title... or an offense involving a minor victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to this rebuttable presumption is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high

monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

According to the Pretrial Services report, Mr. Legg is a life-long resident of the Columbus, Ohio area.  He had been living with his fiancé and son for the past three months at an address on Stevens Avenue, although it appears that he is behind on the rent.  His father lives in Columbus as does his brother, and he could reside with either of them if released.  He has been employed, at least part-time, for a number of months and has held other employment in the past.  He has a history of marijuana use.

The defendant's past criminal record is somewhat lengthy. He had a few juvenile arrests, with the disposition of those cases listed as "unknown," has a felony property offense

conviction from 2003, and was convicted of several offenses in 2005 (in cases where his father and brother were co-defendants) for which he served jail time.  He has a felony drug conviction from 2006 and some other minor drug-related convictions after that.  There is an active warrant for him at this time for obstruction of official business.  The Pretrial Services officer, citing to all of these facts, recommended detention without bond.

Although the defendant's criminal record is not the worst the Court has ever seen, it does indicate a pattern of criminality for most of defendant's adult life, and of particular concern are the drug-related convictions.  Further, the indictment represents probable cause to believe that the defendant traveled to Florida and committed a serious drug offense resulting in someone's death.  The mandatory penalty for that offense is quite severe - twenty years to life in prison - and the incentive not to appear for prosecution, especially in a remote jurisdiction, is substantial.  The defendant's ties to the Columbus community and his work history, while positive factors, do not, in the Court's view, outweigh both the negative factors contained in the Pretrial Services report and the presumption of detention which was created by the indictment.  Other courts have also taken the seriousness of the potential penalty into account in this fashion in reaching the decision to detain a defendant without bond.  See, e.g., United States v. Eaddy, 853 F.Supp. 592, 593 (N.D.N.Y. 1994); see also United States v. Trammel, 922 F.Supp. 527, 532-33 (N. D. Okla. 1995).

For these reasons, the Court grants the United States' motion to detain the defendant without bond.  The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge